1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  D.H.,                              )    Civil No. 09cv2621-L(NLS)
                                       )
12              Plaintiff,             )
                                       )    **ORDER DENYING PLAINTIFF'S**
13  v.                                 )    **MOTION FOR SUMMARY**
                                       )    **JUDGMENT**
    POWAY UNIFIED SCHOOL DISTRICT,     )
14                                     )
                Defendant.             )
15  _____    )

16          This is an action brought by a hearing-impaired eighth-grade student pursuant to Section

17  504 of the Rehabilitation Act and the Individuals with Disabilities Education Act ("IDEA").

18  After an unfavorable administrative decision, Plaintiff filed a complaint in this court, asserting

19  causes of action for violation of the Rehabilitation Act and IDEA and for reversal of the

20  administrative decision.  She has moved for summary adjudication on the third cause of action

21  to reverse the decision of the Office of the Administrative Hearings of the State of California,

22  which denied Plaintiff's request for computer assisted real time captioning ("CART") as a part

23  of her free appropriate public education.  Defendant opposed Plaintiff's motion.  For the reasons

24  which follow, Plaintiff's motion is **DENIED**.

25          "The IDEA provides federal funds to assist state and local agencies in educating children

26  with disabilities, but conditions such funding on compliance with certain goals and procedures.

27  [Its] primary purpose is to assure that all children with disabilities have available to them a free

28  appropriate public education which emphasizes special education and related services designed

                                                                                    09cv2621

to meet their unique needs.  This purpose is achieved through the development of an individualized education program ("IEP") for each child with a disability.  The IEP is crafted annually by a team that includes a representative of the local educational agency, the child's teacher and parents, and, in appropriate cases, the child.  The IEP document must contain: information regarding the child's present levels of performance; a statement of annual goals and short-term instructional objectives; a statement of the specific educational services to be provided and the extent to which the child can participate in regular educational programs; and objective criteria for measuring the student's progress."  *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993) (internal quotation marks, ellipsis, brackets and citations omitted).

"In addition to these substantive provisions, the IDEA contains numerous procedural safeguards.  In particular, [it] requires that the parents or guardians of a disabled child be notified of any proposed change in the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child, and that they be permitted to bring a complaint about any matter relating to such evaluation and educational placement.  When a complaint is made, the child's parents are entitled to an impartial due process hearing conducted either by the state or local educational agency, or an intermediate educational unit, as determined by state law.  In California, the hearing is conducted by a person knowledgeable in the laws governing special education and administrative hearings.  After the administrative hearing officer renders a decision, any party aggrieved by the findings and decision has the right to bring a civil action in state or federal court."  *Id*. (internal quotation marks, ellipsis, brackets and citations omitted).

Plaintiff's third cause of action for reversal of the administrative decision is based entirely on the administrative record.  The relevant facts are undisputed.  Plaintiff is eligible for special education because she has moderate to profound hearing loss.  She has a cochlear implant in her right ear and a hearing aid in her left.  She uses speech and listening as her primary mode of communication.  She attends school in a general education classroom with non-disabled peers; however, she does not hear everything spoken in the classroom.  She relies on visual strategies,

such as lip reading and observation of the activities of her peers, and educated guesses to fill in for the sentences she does not hear.  Plaintiff is not always aware when she has not heard something.  In addition, she has some difficulty communicating in that she sometimes mumbles, speaks very softly and has difficulty producing certain sounds.  Nevertheless, she has earned excellent grades and is an active participant in class and in social life at school.

Defendant's IEP for Plaintiff provided Plaintiff with deaf and hard of hearing services, audiological services, and FM system,[1] among other supports to try to meet her needs.  At the April 20, 2009 IEP team meeting, Plaintiff's parents requested CART services.  CART is a transcription service in real time, which displays words on a computer screen as they are spoken.  Plaintiff argues that this would allow her better to follow the lectures as well as other students' contributions and class discussions.  The IEP team denied the request as unnecessary to provide Plaintiff with a free appropriate public education.

On May 28, 2009 Plaintiff filed a due process hearing request under the IDEA.  The only issue raised was Defendant's failure to offer CART services.  Prior to the hearing, in an August 10, 2009 letter, Defendant offered to give Plaintiff transcription services similar to CART, however, the speech would be summarized rather than transcribed word-for-word.  This service would be provided on condition that Plaintiff's parents consented to it as a part of the IEP.  On September 14, 2009 Defendant filed its own due process hearing request, seeking a declaration that the August 10, 2009 offer of transcription service provided Plaintiff with free appropriate public education.

On October 28, 2009 the administrative judge ("ALJ") found that the April 20, 2009 IEP in its original form provided Plaintiff with a free appropriate public education and that CART services were not required.  Plaintiff appealed this decision to this court and moves for summary adjudication of her claim that the ALJ's decision was erroneous and should be reversed.

In an action challenging an administrative decision, the IDEA provides that "the court

---

[1]   With an FM amplification system, the teacher wears a microphone when speaking to the class.  The microphone works in connection with an amplification system in the student's hearing aid and cochlear implant to amplify the teacher's voice.  The effect is to bring the teacher's voice closer to the student.

shall receive the records of the administrative proceedings; [¶] shall hear additional evidence at the request of a party; and [¶] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). As the party seeking relief in federal court, Plaintiff bears the burden of demonstrating that the ALJ's decision should be reversed. *J.W. v. Fresno Unif. Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010) affirming and attaching *J.W. v. Fresno Unif. Sch. Dist.*, 611 F. Supp. 2d 1097 (E.D. Cal. 2009). "In addition the party challenging the administrative decision bears the burden of persuasion on each claim challenged." *Id.*

"In review of an IDEA due process hearing, courts give less deference than is conventional in review of other agency actions. How much deference to give state educational agencies, however, is a matter for the discretion of the courts. The Court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue. After consideration, the court is free to accept or reject the findings in part or in whole." *Id*. (internal quotation marks and citations omitted).

"Due weight must be given to the administrative decision below and courts must not substitute their own notions of sound educational policy for those of the school authorities which they review. The amount of deference afforded the hearing officer's findings increase where they are thorough and careful. This Court gives deference to an ALJ's decision when it evinces his or her careful, impartial consideration of all the evidence and demonstrates his or her sensitivity to the complexity of the issues presented." *Id*. (internal quotation marks, brackets and citations omitted).

Plaintiff objects to the ALJ's decision on two grounds. First, she argues that the ALJ applied an incorrect legal standard by holding that the state law requirement of equal communication access for hearing-impaired students was inapplicable. Second, she contends that the ALJ erred when she found that Defendant's August 10, 2009 letter offering Plaintiff a transcription service and its own due process complaint against Plaintiff did not constitute an admission that Plaintiff needed speech transcription services such as CART and that the

1   evidence was irrelevant to the issue whether she does.

2          Plaintiff correctly argues that the IDEA's free appropriate public education requirement

3   incorporates state law standards, including California law pertaining to equal communication

4   access for hearing-impaired students.  Free appropriate public education is defined in the IDEA

5   as "special education and related services that [¶] (A) have been provided at public expense,

6   under public supervision and direction, and without charge; [¶] (B) *meet the standards of the*

7   *State educational agency*; [¶] (C) include an appropriate preschool, elementary school, or

8   secondary school education in the State involved; and [¶] (D) are provided in conformity with

9   the individualized education program required under section 1414(d) of this title."  20 U.S.C.

10  § 1401(9) (emphasis added).  "State standards that are not inconsistent with federal standards

11  [under the IDEA] are also enforceable in federal court."  *J.L. v. Mercer Island Sch. Dist.*, 592

12  F.3d 938, 947 (9th Cir. 2010) (internal quotation marks and citation omitted, brackets in

13  original); *see also J.W.*, 626 F.3d at 433 ("Both state and federal regulations supplement IDEA's

14  procedural and substantive requirements."); *Bd. of Educ. of the Hendrick Hudson Central Sch.*

15  *Dist. v. Rowley*, 458 U.S. 176, 203-04 (1982) ("The IDEA requirement of free appropriate public

16  education is satisfied "by providing personalized instruction with sufficient support services to

17  permit the child to benefit educationally from that instruction.  Such instruction and services

18  must be provided at public expense, *must meet the State's educational standards*, must

19  approximate the grade levels used in the State's regular education, and must comport with the

20  child's IEP.").

21         Plaintiff points to a number of California Education Code Sections which address the

22  needs of hearing-impaired students.  Section 56000.5 contains legislative findings that "it is

23  essential that hard-of-hearing and deaf children, like all children, have programs in which they

24  have direct and appropriate access to all components of the educational process, including, but

25  not limited to, recess, lunch and extracurricular social and athletic activities;" and that they

26  "have an education in which their unique communication mode is respected" and  "with a

27  sufficient number of language mode peers with whom they can communicate directly."  Cal.

28  Educ. Code § 56000.5(a)(2), (4) & (7).

09cv2621

Accordingly, the IEP team is required, among other things, to "consider the pupil's language and communication needs, opportunities for direct communications with peers and professional personnel in the pupil's language and communication mode, academic level, and full range of needs, including opportunities for direct instruction in the pupil's language and communication mode." *Id*. § 56341.1(b)(4); *see also* 20 U.S.C. § 1414(d)(3)(B)(iv) (same).  In addition, the IEP team must consider "whether the pupil requires assistive technology devices and services as defined in Section 1401(1) and (2) of Title 20 the United States Code."  Cal. Educ. Code § 56341.1(b)(5); *see also* 20 U.S.C. § 1414(d)(3)(B)(v) (same).

In addition, California Education Code Section 56345(d) provides

> it is the intent of the Legislature that, in making a determination of the services that constitute an appropriate education to meet the unique needs of a deaf or hard-of-hearing pupil in the least restrictive environment, the individualized education program team shall consider the related services and program options that provide the pupil with an equal opportunity for communication access.

The section requires the IEP team to specifically discuss the student's communication needs, including the student's primary language mode, "which may include the use of spoken language with or without visual cues, or the use of sign language, or a combination of both;" the availability of a sufficient number of language peers; access to "special education teachers and other specialists who are proficient in the pupil's primary language mode;" and "[s]ervices necessary to ensure communication-accessible academic instruction, school services, and extracurricular activities."  *Id*. §56345(d)(1)-(4).

Plaintiff argues that CART service is required by California law for her to obtain "direct and appropriate access" to education and an "equal opportunity for communication access."  She contends that "[t]here can be no direct access or a fully accessible education when the deaf student misses words spoken in the class because of their disability."  (Pl.'s Mem. of P.&A. at 16; *see also id.* at 23.)  Plaintiff does not support this argument with citation to any legal authority.  The California Education Code Sections on which Plaintiff relies do not require that any particular service or technology be provided.  All that is required by these provisions is that the IEP team *consider* Plaintiff's needs and assistive services and programs to provide her with an equal opportunity for communication access and that they *discuss* her needs and necessary

services in their effort to comply with the requirement of a free appropriate public education.

Plaintiff does not deny that the IEP team at the April 20, 2009 IEP meeting discussed her communication needs and the effectiveness of the services and technology she was using, and that it expressly considered and discussed her parents' request for the CART service together with their concerns which led to the request. (*See* Admin. Record at 75-95.) Accordingly, the ALJ correctly found that Defendant complied with the California educational standards for hearing-impaired students. (*See* Compl. Ex. 1, Decision of Administrative Law Judge Susan Ruff, Office of Administrative Hearings, dated Oct. 28, 2009 ("ALJ Decision") at 16.)

Compliance with State educational standards is one of several requirements for free appropriate public education. *See* 20 U.S.C. § 1401(9). None of the other requirements expressly listed in the IDEA are at issue in this case.

The substantive requirement prescribing the level of education to be accorded disabled students under the free appropriate public education standard is not expressly stated in the IDEA, but was established in *Board of Education of the Hendrick Hudson Central School District v. Rowley*. *J.L.*, 592 F.3d at 947;[2] *see also Rowley*, 458 U.S. at 189. *Rowley* held that "[i]mplicit in the congressional purpose of providing access to a 'free appropriate public education' is the requirement that the education to which access is provided be sufficient to confer some educational benefit upon the handicapped child." *Rowley*, 458 U.S. at 200. Accordingly, the States are not required to "maximize each child's potential commensurate with the opportunity provided other children." *Id.* at 198 (internal quotation marks omitted); *see also J.L.*, 592 F.3d at 947 ("states must provide a basic floor of opportunity to disabled students, not a potential-maximizing education"). An IEP which is "reasonably calculated to enable the child to receive educational benefits" meets this standard. *Rowley*, 458 U.S. at 207 (footnote omitted). Even if the services requested by parents would better serve the student's needs than the services offered in an IEP, this does not mean that the services offered are inappropriate, as long as the IEP is

---

[2] Although the IDEA has been amended several times since *Rowley* was decided in 1982, "*Rowley* continues to set the free appropriate public education standard." *J.L.*, 592 F.3d at 941; *see also id.* at 947-48.

7

1   reasonably calculated to provide the student with educational benefits.  *Gregory K. v. Longview*

2   *Sch. Dist.*, 811 F.2d 1307, 1314 (9th Cir. 1987).  Furthermore, when the disabled student "is

3   being educated in the regular classrooms of a public school system, the achievement of passing

4   marks and advancement from grade to grade [is] one important factor in determining educational

5   benefit." *Rowley*, 458 U.S. at 207 n.28.

6       The student in *Rowley* was in a similar situation as Plaintiff.  She was a deaf student who

7   attended a regular public school.  She was provided with an FM amplification system.  She also

8   received specialized services from a tutor for the deaf and a speech therapist.  The student

9   performed better than the average child in her class and advanced easily from grade to grade.

10  Her parents requested that she also be provided with a sign-language interpreter in her academic

11  classes.  The school denied the parents' request.  *Rowley*, 458 U.S. at 184-85.  The Court found

12  the student's "academic progress, when considered with the special services and professional

13  consideration accorded by [her] school administrators, to be dispositive" on the issue whether

14  the IEP was reasonably calculated to provide her with educational benefits.  *Id.* at 203 n.25.  The

15  Court concluded that considering the student was performing above average,  advancing easily

16  from grade to grade, and was receiving personalized instruction and related services calculated

17  by the school to meet her educational needs, the school complied with the substantive

18  requirement of free appropriate public education under the IDEA.  *Id.* at 209-10.

19      Here, Plaintiff attended a regular public school.  She received an FM amplification

20  system for classroom and school assemblies, including a pass-around microphone to capture the

21  input of her peers.  She also received access to close captioning for video presentations at school.

22  (*See* ALJ Decision at 3-6).  With these services she earned excellent grades, predominantly As

23  and some Bs.  (Joint Statement of Undisputed Facts at 2.)  These assistive technologies were

24  offered to her again with the April 20, 2009 IEP.  (AR at 75, 80-81, 94-95).  In addition, she was

25  provided with preferential seating away from noise, access to copies of her peers' or teacher's

26  lecture notes, written directions, an extra set of textbooks as needed, access to a quiet work

27  environment, and extra time for some assignments.  Finally, her teachers were provided with

28  information packets and training regarding Plaintiff's hearing loss and the necessary

09cv2621

1  accommodations, including the need to face Plaintiff when giving instruction, pass the

2  microphone around the class during other students' participation, and repeating or rephrasing

3  other students' responses.  Plaintiff was also provided with specific deaf and hard of hearing

4  services and speech and audiological services.

5       Plaintiff's parents requested the CART service in addition to the services offered in the

6  April 20, 2009 IEP.  Defendant declined to provide it.  After the IEP team considered Plaintiff's

7  needs and progress on her goals, her parents' concerns, and the benefits offered by CART, they

8  concluded CART services were not necessary for Plaintiff at the time to benefit from her

9  education.  (AR at 95; *see also id.* at 157.)

10       Plaintiff argues that Defendant admitted that she needed a transcription service when it

11  offered in an August 10, 2009 letter to provide her with a transcription service which would

12  summarize the words spoken in class.  (*See* AR at 189.)  Plaintiff also argues that Defendant's

13  own September 14, 2009 request for a due process hearing supports the admission, because

14  Defendant requested a finding that it had offered Plaintiff an appropriate transcription service.

15  (*See id.* at 157-58.)  Neither of these documents states that Defendant or Plaintiff's IEP team

16  considered any transcription service necessary for Plaintiff to benefit from her education.  The

17  August 10, 2009 letter states that the transcription service was offered "as a response" to the

18  parents' request for a CART service.  (*Id*. at 189.)  The September 14, 2009 hearing request

19  states that the IEP team considered necessary the services offered in the April 20, 2009 IEP,

20  which did not include any transcription service.  (*Id*. at 157.)  Defendant's requested finding that

21  the offered transcription service was appropriate is not inconsistent with a finding that is was not

22  necessary for Plaintiff to benefit from her education, because Defendant is free to offer more

23  than is required by the IDEA.  All the IDEA ensures is "the basic floor of opportunity."  *See*

24  *Rowley*, 458 U.S. at 201; *J.W.*, 626 F.3d at 439.  Although these documents show that Defendant

25  was willing to provide Plaintiff with some type of transcription service, they do not support an

26  inference that Defendant considered any transcription service necessary.

27       The court is sympathetic to the parents' view that the CART service would make it easier

28  for Plaintiff to follow the lectures and class discussions by capturing more words than she does

without it.  However, the IDEA does not require States to "maximize each child's potential commensurate with the opportunity provided other children," but only to "enable the child to receive educational benefits."  *Rowley*, 458 U.S. at 198, 207 (footnote omitted).

Based on the foregoing, the ALJ did not err in concluding that the April 20, 2009 IEP complied with the IDEA mandate of a free appropriate public education.  To the extent the ALJ's interpretation of the IDEA's requirement that the State comply with its own educational requirements differs from this opinion, it is disapproved.  Any error in this regard is harmless, however, because the ALJ's ultimate conclusion is affirmed.  Plaintiff's motion for summary judgment on the third cause of action is **DENIED**.

**IT IS SO ORDERED**.

DATED:  March 14, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv2621