UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.H., by and through her Guardian Ad Litem, KEVIN HARRINGTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　Defendant. | Civil No. 09-cv-2621-L(NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DOC. 69]** |

On December 19, 2013, the Court granted Plaintiff D.H.'s motion for preliminary injunction. (Doc. 68.) Defendant Poway now moves for reconsideration of the aforementioned order. D.H. opposes.

This Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 71.) For the following reasons, the Court **DENIES** Poway's motion for reconsideration.

//

//

//

//

## I. BACKGROUND

The background of this case has been set out multiple times in previous orders by both this Court and the Ninth Circuit. On October 22, 2013, upon remand, D.H. filed a motion for preliminary injunction, seeking injunctive relief in the form of an order "compelling Poway to provide her with CART for classes at school." (*Mot. Prelim. Inj.* [Doc. 59] 26.) On December 19, 2013, the Court granted D.H.'s motion and ordered Poway to provide D.H. with CART during her classes. (*Order Granting Injunction* [Doc. 19].)

On December 27, 2013, Poway filed the instant *ex parte* motion for reconsideration of the Court's December 19, 2013 order. (*Mot. Recon.* [Doc. 69].) Poway argues that reconsideration is proper because the Court's decision to enjoin Poway was "based on clear error and is manifestly unjust." (*Id.* 3.) According to Poway, D.H. is not entitled to an injunction because she has failed to exhaust her administrative remedies. (*Id.*) D.H. opposes, arguing that Poway fails to explain why this argument was not raised earlier, that D.H. did exhaust her remedies, and that it abandoned exhaustion as an affirmative defense by not arguing it in its opposition to D.H.'s motion for preliminary injunction. (*Opp'n* 1-2.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 54(b) states that a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and [the Ninth Circuit has] long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *see also Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It does not give parties a "second bite at the apple." *See id.* Moreover, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Whether to grant a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

### III.  DISCUSSION

Poway bases its entire motion for reconsideration on its assertion that this Court committed clear error in granting D.H.'s motion for preliminary injunction because D.H. failed to exhaust her administrative remedies after April 2009. (*Mot. Recon*. 3-5.) In support of this argument, Poway cites 20 U.S.C. § 1415(l) and *Payne v. Peninsula School District*, 653 F.3d 863 (9th Cir. 2011). However, the Court cannot consider Poway's exhaustion argument at this time, since a motion for reconsideration "may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

Poway's arguments that it "preserved" its exhaustion argument and that it already raised the exhaustion argument are unpersuasive. First, Poway points out that it specifically plead, as an affirmative defense in its Answer, that D.H. failed to exhaust her administrative remedies. (*Reply* [Doc. 73] 2.) In light of this, Poway seems to suggest that its exhaustion argument was thus "preserved," allowing Poway to omit its exhaustion argument from its opposition to D.H.'s motion for preliminary injunction, and raise it for the first time in this motion. (*Id.* 2-3.) In

support of this claim, Poway cites *Healy Tibbits Const. Co. V. Ins. Co. Of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982) and *Levald, Inc. V. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993). Neither of these cases are applicable here.

In *Healy*, Healy Tibbitts Construction Company appealed the district court's grant of summary judgment in favor of its insurer, Insurance Company of North America, suggesting that the trial court's finding, that an insurance policy exclusion clause precluded his recovery, was made in error. *Healy*, 679 F.2d at 804. In part, Healy argued that Insurance Company's "failure to plead the exclusion as an affirmative defense waived the provision." *Id.* The Ninth Circuit held that failure to plead the exclusion clause was not a waiver and that Insurance Company should be permitted to raise it as a defense in its motion for summary judgment, "whether or not it was specifically pleaded as an affirmative defense." *Id.* This holding has no bearing on the case at bar, as it relates to whether a party could raise an unplead affirmative defense in a motion for summary judgment. Even if this Court were inclined to apply the underlying reasoning from the decision to this case, it would not assist Poway. At most, it would support the argument that Poway should be able to present the defense of exhaustion in response to D.H.'s motion for a preliminary injunction. It in no way suggests that Poway can fail to present its defense in response to a substantive motion, and still be entitled to present the defense in a motion to reconsider the Court's order on the substantive motion.

In *Levald*,

> Levald filed its complaint on August 23, 1989. Palm Desert moved to dismiss the complaint as, among other things, untimely under the statute of limitations. Judge Letts denied the motion. Palm Desert then filed its answer, pleading the statute of limitations as an affirmative defense. The case was transferred, ultimately ending up before Judge Waters. Palm Desert then brought a motion to dismiss the takings claim on ripeness grounds and to dismiss the due process claim for failure to state a claim. Although Palm Desert did not raise the statute of limitations defense in that motion, the district court rested its dismissal of the takings claim on that ground.

*Levald, Inc.*, 998 F.2d at 686. One issue the Ninth Circuit addressed was whether the district court was correct that Levald's claim was barred by the statute of limitations. *Id.* Levald

argued, *inter alia*, that "the district court erred in raising the statute of limitations issue sua sponte." *Id.* According to the Ninth Circuit, the district court properly entertained the statute of limitations issue, explaining that a district court may *sua sponte* dismiss a complaint as untimely so long as the defendant has not waived the statute of limitations defense. *Id.* at 687. In so holding, the Ninth Circuit noted that Palm Desert had plead the statute of limitations defense in its answer, thereby preserving it. *Id.* It also noted that Levald had an opportunity to argue against the statute of limitations defense before the district court and on appeal. *Id.* This case is procedurally distinguishable from *Levald*, as the Court is not raising an affirmative defense on behalf of Poway *sua sponte*. Moreover, as explained below, Poway has never raised this argument before, so D.H. never had an opportunity to address it and this Court never had an opportunity to evaluate it. Thus, *Levald* is inapposite.

Second, Poway suggests that it actually did raise an exhaustion defense in its opposition. (*See Reply* 2.) In support of this argument, Poway claims that it "made clear that the operative pleading in this matter was filed on November 19, 2009, and noted that Plaintiff's Complaint only requested CART for the 2009-2010 school year, despite the fact that Plaintiff is currently seeking prospective relief from April 2009 through the present." *Id.* In addition, Poway asserts that it

> stated that it was inappropriate for Plaintiff to be provided with prospective relief due to Poway's alleged failure to provide her with CART services in April 2009, by claiming that she was suffering from "irreparable injury" based on allegations of current harm, including headaches resulting from straining to hear what was happening in the classroom. Poway also made clear that alleged past conduct does not amount to a present controversy which warrants injunctive relief.

*Id.* Finally, Poway points out that "this Court made it clear that it understood that Poway was arguing that prospective relief was improper." *Id.* These statements, although true, do not show that Poway timely raised an *exhaustion* argument.

Review of Poway's opposition to D.H.'s motion for preliminary injunction shows that Poway never offered *any* argument as to the consequence of D.H. allegedly requesting "prospective relief" in its motion, nor did it provide any explanation as to why such a request

would be improper in light of an alleged failure to exhaust administrative remedies.  Moreover, the fact that "Poway also made clear that alleged past conduct does not amount to a present controversy which warrants injunctive relief" does not establish that Poway argued that an injunction was improper because D.H. did not exhaust administrative remedies.  Also, although the Court acknowledged Poway's "prospective relief" argument, the Court made it clear that this argument was completely unsubstantiated and unexplained.  (*Order Granting Injunction* 9:16:21.)  Poway's attempts to transform their nebulous "prospective relief" argument into an exhaustion argument are tortured and unconvincing.  Indeed, noticeably absent from Poway's opposition to D.H.'s motion for preliminary injunction is any mention of the word exhaust or exhaustion, any reference to 20 U.S.C. § 1415(l), or any citation to *Payne*.  To suggest otherwise now is disingenuous.

### IV.  CONCLUSION

Therefore, the Court finds that Poway never argued that D.H.'s alleged failure to exhaust her administrative remedies rendered her motion for preliminary injunction improper. Poway may not raise this affirmative defense now.  *Kona Enters., Inc.*, 229 F.3d 877 at 890.  In light of the foregoing, the Court **DENIES** Poway's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: January 14, 2014

_____
M. James Lorenz
United States District Court Judge